## TOMPKINS *v.* RAILROAD.

### *(Nashville.　December Term, 1902.)*

1. **ATTORNEY AND CLIENT.** Attorney for plaintiff cannot prevent the dismissal of the suit because of his lien on the recovery by compromise or final judgment.

Under the statute providing that attorneys of record who begin a suit in a court of record shall have a lien upon the plaintiff's right of action from the date of the filing of the suit, the attorneys of record for the plaintiff in an action for personal injuries, who under the terms of their contract of employment are entitled to a percentage of the recovery by compromise or final judgment in lieu of fees for their services, cannot prevent the plaintiff's dismissal of the suit, nor are they entitled to prosecute the suit to a termination, but the plaintiff may dismiss his suit without their intervention. (*Post, pp.* 159-165.)

Acts cited and construed: Acts of 1899, ch. 243, sec. 1.

Code cited: Code of Ga., Sec. 2814.

Cases cited and approved: R. R. v. Wells, 104 Tenn., 707: Sharp v. Allen, 11 Lea, 521; Stanton v. Houston, 12 Heisk., 266; Yoakley v. Hawley, 5 Lea, 673; Stephens v. R. R., 10 Lea, 450; Thompson v. Thompson, 3 Head, 529.

Cases cited and distinguished: Triggs v. Chambers, 56 Ga., 279; Moses v. Bagley, 55 Ga., 283; Coleman v. Ryan, 58 Ga., 132.

2. **SAME.** Attorney's lien on right of action attaches to recovery by judgment or compromise and when it attaches it cannot be defeated without his consent.

The lien declared by the statute in favor of plaintiff's attorney, upon plaintiff's right of action, follows the transaction without interruption, and simply attaches to that into which the right

Tompkins v. Railroad.

of action is merged. If a judicial recovery is obtained the lien attaches to that; if a compromise agreement is made the lien fastens itself to that; and in each case, the attorney's lien is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent. (*Post, p.* 162.)

Act cited and construed: Acts of 1889, ch. 243.

Case cited and approved: Railroad v. Wells, 104 Tenn., 707, 712.

3. **SAME.** Statute creating the attorney's lien in right of action does not deprive plaintiff of control of his suit.

Since the enactment of said statute (Acts of 1889, ch. 243) as before, the plaintiff may prosecute, or compromise, or dismiss his suit at will, and the defendant is liable only for such sum as may be adjudged or stipulated in the plaintiff's favor. The statute does not deprive the plaintiff of the right to control his own suit, which would subject it to grave constitutional objections. (*Post, pp.* 164-165.)

Cases cited and approved: Railroad v. Wells, 104 Tenn., 707; Yoakley v. Hawley, 5 Lea, 673; Stephens v. Railroad, 10 Lea, 450; Thompson v. Thompson, 3 Head, 529.

4. **DISMISSAL OF SUIT.** Out of term time terminates the case except to render judgment for costs.

Suits may be dismissed in writing, out of term time as well as in term time, and further costs saved, and a dismissal in vacation puts an end to the suit and terminates the control of the court over it, and the jurisdiction of the court over it ceases except to render judgment for costs. (*Post, pp.* 163-164.)

Code cited and construed: Sec. 4940 (S.); 3923 (M. & V.); 3199 (T. & S. and 1858).

Case cited and approved: Stanton v. Houston, 12 Heisk., 266.

5. **ATTORNEY AND CLIENT.** Attorney for plaintiff cannot prevent her dismissal of her bill for divorce, because she has by

Tompkins v. Railroad.

attachment impounded the husband's property to secure ali-
mony.

Where a plaintiff in a bill for divorce concludes to withdraw her
complaint and becomes reconciled to her husband, her attorney
cannot prevent the dismissal of her suit, nor will he be per-
mitted to become coplaintiff with her in the prosecution of her
suit because by attachment he has impounded the property of
the husband to secure her alimony. (*Post, p.* 165.)

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson
County.—J. W. CHILDRESS, Judge.

H. C. LASSING and ALLEN & RAINES, for themselves.

WHITAKER & LYTLE and A. B. NEIL, for plaintiff
Tompkins.

MR. JUSTICE MCALISTER delivered the opinion of the
Court.

The present suit involves the proper construction of
section 1, c. 243, Acts 1899, viz.: "That attorneys of
record who begin a suit in a court of record in this State
shall have a lien upon the plaintiff's right of action from
the date of filing the suit."

The facts necessary to be stated to raise the question
in litigation are that on September 2, 1902, Cora Tomp-
kins, through her attorneys, H. C. Lassing and Messrs.

Allen & Raines, instituted an action in the circuit court of Davidson county against the Nashville, Chattanooga & St. Louis Railway to recover damages for the alleged negligent killing of plaintiff's husband. A declaration was filed on the 24th of October, 1902, in which it was alleged that the deceased was killed while riding as express messenger on one of defendant's trains in the State of Georgia, and that said train was negligently brought in collision with another of defendant's trains, occupying the same track, but moving in an opposite direction.

It appears that the writ and declaration were signed by H. C. Lassing and Allen & Raines, as attorneys for the plaintiff.

At a subsequent day of the term, the plaintiff, without notice to her counsel, caused the following motion to be entered on the motion docket of the court, viz.:

"In this cause the plaintiff moves the court for an order dismissing her suit against the defendant railroad company, without prejudice in any way to her right of action against the said railroad company."

Prior to the hearing of said motion, Messrs. Lassing and Allen & Raines, by leave of the court, appeared and filed a petition in said cause, alleging, among other things, that petitioners were plaintiff's attorneys of record, and, as such, instituted the suit, and had a lien on plaintiff's right of action for their compensation; that, under the contract and employment made by petitioners, they would be entitled, if case should be compromised,

to one-fourth of the recovery, in lieu of fees for their services, and, if said case was prosecuted to final judgment, they would be entitled to more than one-fourth of the recovery, to be governed by the extent of services rendered, but not to exceed one-half of the recovery.

It is alleged that petitioners are interested in any step or move which may be taken in said suit, and that petitioners are entitled to prosecute said suit to final judgment, because of their interest in said suit, and their lien on the plaintiff's right of action; that petitioners have not been paid for their services in said cause; and that plaintiff is insolvent, and unable to pay their fees unless she obtains a recovery in said cause.

Petitioners resisted the right of plaintiff to dismiss her suit, and asked leave of the court to be allowed to prosecute said suit in plaintiff's name to final recovery, and to be made joint parties with plaintiff in said suit. This petition was signed and sworn to.    On the 8th November, 1902, plaintiff, by her attorneys, Whitaker & Lytle and A. B. Neal, interposed a demurrer to the petition, which was sustained by the court, and the original suit dismissed on the motion of plaintiff.    The substance of the demurrer was that counsel's lien on the right of action cannot be enforced so long as plaintiff fails or refuses to prosecute the suit, that plaintiff is alone entitled to prosecute said right of action, and that petitioners are not entitled to be made parties to said action.

We are constrained to believe this contention sound. The object of the legislature in giving an attorney's lien on the right of action was to prevent the compromise and settlement of cases out of court, so as to defeat the collection of fees for professional services rendered. It was not contemplated by the act that suitors should thereby be precluded from managing their cases or dismissing them at pleasure.

In *Railroad* v. *Wells,* 104 Tenn., 707, 59 S. W., 1043, in considering this statute, it is said:

"The lien which the statute fixes on the plaintiff's right of action follows the transaction without interruption, and simply attaches to that into which the right of action is merged. If a judicial recovery is obtained, the lien attaches to that; if a compromise agreement is made, the lien attaches to that; and in each case the attorney's interest is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent. . . . Since the passage of the act, as before, the plaintiff may prosecute or compromise or dismiss his suit at will, and the defendant is liable only for such sum as may be adjudged or stipulated in the plaintiff's favor."

It is insisted, however, that the question presented in that case was whether counsel of record were entitled to a lien on the amount paid to plaintiff by way of compromise, and that the question presented in this record was not involved in the Wells Case.

Counsel insist the question now presented is whether the plaintiff can defeat and defraud her attorneys of their lien on her right of action by dismissing her suit, the plaintiff being insolvent and unable to pay their fees.

As already stated, it is not shown or charged in the petition of counsel that plaintiff has settled or compromised her suit, or has acted fraudulently or collusively with the defendant company. The allegation merely is that she has directed the dismissal of her suit without prejudice, and petitioners object to such dismissal, and ask the court for leave to prosecute the suit to final judgment in the plaintiff's name. Counsel cite in support of this contention *Twiggs* v. *Chambers,* 56 Ga., 279; *Moses* v. *Bagley,* 55 Ga., 283; *Coleman* v. *Ryan,* 58 Ga., 132.

The Georgia decisions hold that the plaintiff will not be allowed to dismiss or discontinue his suit, over the objection of his attorney, without paying his charges. Those cases, however, are based on a statute which not only gives an attorney's lien on the suit, but provides that the attorney may control the suit to enforce his lien for the amount due him for services. Code Ga., sec. 2814. By the act of 1826 (Shannon's Code, sec. 4940), suits may be dismissed, in writing, out of term time, as well as in term time, and further costs saved. So it was held in *Sharpe* v. *Allen,* 11 Lea, 521, that by virtue of this statute a dismissal of a suit in vacation puts an end to the suit, and terminates the control of the court over it. The jurisdiction of the court over it ceases, except

to render judgment for costs.    See, also, *Stanton* v. *Houston,* 12 Heisk., 266.

So, in *Yoakley* v. *Hawley,* 5 Lea, 673, it was held that the attorney cannot prosecute or defend in the name of his client against the latter's consent.    The fact that the attorney may be interested to continue the defense, in order to secure his fee, does not give the right to control the case.    The court in that case continues:    "She [the plaintiff] had the right, as we have repeatedly held, to dismiss or compromise her suit, independent of their wishes, and this right was beyond their control." *Stephens* v. *Railway Co.,* 10 Lea, 450; *Thompson* v. *Thompson,* 3 Head, 529.    The question, then, is presented, whether these holdings are changed or modified by chapter 243, Acts 1899?

In *Railroad Co.* v. *Wells,* 104 Tenn., 711, 59 S. W., 1043, it was held "that this act does not deprive the plaintiff of the right to control her own suit, nor make all defendants in suits brought in courts of record liable for the fees of plaintiff's attorneys.    Since the passage of this act, as before, the plaintiff may prosecute or compromise or dismiss her suit at will, and the defendant is liable only for such sum as may be adjudged or stipulated by compromise in plaintiff's favor."

We may observe that if the act of 1899 had, in terms, undertaken to deprive the plaintiff of the right to control his own suit, it would be open to grave constitutional objections; but, as held in the Wells Case, the act does not expressly or by necessary implication import such

Tompkins v. Railroad.

a meaning, but leaves the plaintiff to prosecute, compromise, or dismiss his suit at will.  So we think that public policy and private right would be best subserved by adhering to the rule so long adopted in this State, both by statute and legal practice, of permitting a litigant to dismiss her suit without the intervention of her attorney.

If, for instance, a complaint in a bill for divorce should conclude to withdraw her complaint and become reconciled to her husband, should the dismissal of her suit be prevented by her attorney, and he be permitted to become coplaintiff with her in the prosecution of her suit, because by attachment he has impounded property of the husband to secure her alimony?  This very case was recently before this court, wherein it was seriously contended by counsel that he had a lien on complainant's cause of action, and the bill could not be dismissed without the settlement of his fees.  It is needless to say that the question was resolved adversely to the contention of counsel.

Again, it would seem that a litigant has a right to say when he will no longer incur the liability of a bill of costs for the prosecution of a suit.  If he has no right to control this matter, his counsel can carry him through all the courts, and, at the end of a long litigation, leave him mulcted in a heavy bill of costs.

We are unable to agree with counsel in their construction of the statute, and the result is that the judgment of the circuit court must be affirmed.