# Mary A. Lavender, Appellee, v. Edward B. Crawford, Appellant.

## Gen. No. 16,902.

LIENS—*statute providing, in favor of attorneys construed.*  After a confession of errors by the appellee and a motion to reverse by the appellant, the Appellate Court has no power other than to reverse irrespective of the fact that the attorney for the appellee may have had an assignment of an interest in the judgment involved.

Appeal from the Circuit Court of Cook County; the HON. EDWARD M. MANGAN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1910.  Reversed and dismissed.  Opinion filed April 10, 1912.

BENSON LANDON and ROBERT N. HOLT, for appellant.

SETH F. CREWS and GEORGE F. ORT, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

A motion is made in this case by the appellee to reverse the judgment and dismiss the case, upon the confession of error filed by her.  The motion is resisted by the attorneys for appellee, who claim a lien upon

the judgment recovered in the Circuit Court. The judgment in that court, from which an appeal was taken, was for the sum of $4,000, the suit being an action on the case for slander.

The attorneys for appellee had a contract with her, in and by which one of the attorneys was to receive one third and the other one sixth of the amount recovered. After the appeal was perfected to this court appellee desired to surrender her rights under the judgment and dismiss the case. Her attorneys objected, and she afterwards entered a *remittitur* in this court of $2,000, apparently with the understanding that what was left of the judgment if the case should be affirmed should belong to the attorneys.

The appellee's attorneys served notice upon the attorneys for appellant of their claim for lien, which is based upon a statute enacted in 1909, being section 55, chapter 82, Revised Statutes of 1909. By that statute attorneys at law are given a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon, or in the absence of agreement, for a reasonable fee. The act provides that the lien shall attach to any verdict, judgment or decree entered; that upon petition filed by such attorneys or their clients, any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien, etc.

The matter is brought be' re us on affidavits and counter affidavits. The ques' n is whether the appellee may now control the case ' l confess error and dismiss the cause, notwithstan' g the claim interposed by her attorneys.

In Lesher v. Lesher, 250 I 382, the Supreme Court of this state had before it ; ase wherein an appeal

had been taken to the Appellate Court from an order dismissing a bill for a separate maintenance, brought by appellant against the appellee, the lower court having found that no marriage existed between the parties.   Appellee filed a confession of error, after which a motion to reverse was entered.   The Appellate Court, however, refused to reverse, for the reason that to do so would, as shown by the record, injuriously affect third parties claiming title to lands which had been conveyed to them by the appellee as a bachelor, and for the further reason that these parties had agreed with appellee to pay the costs of resisting the appeal. The third parties referred to appeared by their attorney as *amicus curiae*.   The decision of the Appellate Court was reversed by the Supreme Court, which used the following language:

"Courts will not occupy themselves with moot cases and cases which do not involve the establishment of a right which may be the subject of controversy between the parties.   Here the plaintiff in error alleged the decree to be erroneous and the defendant in error confessed it.   The plaintiff in error was entitled to judgment on the pleadings, and the Appellate Court had no other duty to perform than to enter the judgment required by law, reversing the decree and remanding the cause."

It will be noted that by the statute no assignment of the judgment is made, but merely a lien created.   In North Chicago St. R. R. Co. v. Ackley, 171 Ill. 100, it was held that any contract whereby a client is prevented from settling or discontinuing his suit is void, as such agreements foster and encourage litigation. The case last referred to was decided before the statute of 1909 was enacted.

The courts of New York and Tennessee have had occasion to pass upon the question.   In Moorehouse v. Brooklyn Heights Railroad Co., 89 N. Y. Supp. 232, it is said:

"An attorney for the plaintiff formerly had a lien on the judgment only, but now he is given by a statute a lien on the cause of action itself. Code Civ. Proc. Sec. 66. But his lien whether on the cause of action or on the judgment is necessarily subject to his client's right to settle. The right of a client to settle always was, and it is, absolute. He cannot be compelled to go on with the action by his attorney; and if he obtain a judgment and the judgment debtor be insolvent, or if there be an appeal, he has the right to settle. He can no more be compelled by his attorney to take the risk of an appeal than to take the risk of a trial. In a word, and to repeat, the lien of an attorney, whether on the cause of action or on the judgment, is subject to the absolute right of the client to settle, and the attorney can not go on with the action after it is settled, unless the settlement be collusive and fraudulent against the attorney, in which case he will be permitted to prosecute the action to judgment in order to foreclose his lien, if that course be necessary to frustrate the fraud, for in the case of fraud all ordinary rules give way. It is useless to pick phrases out of opinions on the subject. The matter is too plain for argument. The lawyer is not the principal and the client his subject or subordinate, but the reverse is the case. The litigation of this state has not been turned over to our profession as common barrators and strifemakers. Lawyers are subject to the instructions and wishes of their clients. Forgetfulness of this one thing has caused much confusion."

The case was affirmed by the Appellate Division in 102 App. Div. 627.

In Tompkins v. N. C. & St. L. Ry. Co., 110 Tenn. 157, it was held that a statute giving attorneys a lien on the cause of action for their fees in suits instituted by them, does not deprive the plaintiff of the right to dismiss the suit against their will, or entitle them to be made parties with the right to prosecute the action to protect their own interests.

In the case before us, the appellee having filed a con-

fession of error, and having made a motion to dismiss the case, it would seem, in the language of the court in Lesher v. Lesher, *supra*, that this court has no other duty to perform than to reverse the judgment and dismiss the case, which will accordingly be done. The order entered herein on March 16, 1912, denying a similar motion will be set aside.

*Motion of appellee to reverse the judgment and dismiss the case allowed.*