WILLIS C. CAMPBELL, et al. v. EUGENIA LEE.

Western Section. July 1, 1930.

294

Wilson, Gates & Armstrong, of Memphis, for plaintiff in error.
R. G. Brown and R. G. Draper, of Memphis, for defendant in error.

OWEN, J. Willis C. Campbell and James S. Speed, the defendants in a damage suit instituted in the Circuit Court of Shelby county by Eugenia Lee, hereafter referred to as plaintiff, have presented a petition for a writ of certiorari, asking that the judgment of the Circuit Court be reviewed by this court.

Briefly stated, the plaintiff instituted a damage suit against Drs. Willis C. Campbell and James S. Speed, alleging that she had been seriously injured by the negligence of the defendants who performed a certain operation on the plaintiff.

After the cause was put to issue and a trial was started, the plaintiff used one of the defendants, Dr. Willis C. Campbell, to prove a partnership existed between the defendants. After this witness was examined the plaintiff took a voluntary non-suit. Within a very short time after taking the non-suit, the plaintiff filed another suit against the same defendant in the same court and alleged the same facts that she had in her former suit, which had been dismissed upon her motion.

Shortly after the filing of the second suit which is now pending in the Circuit Court of Shelby County, a motion was filed by the defendants, asking that the plaintiff be required to give a cost bond or security for cost, or, in the alternative, to dismiss her case for want of a cost bond. She had instituted both suits upon filing the oath for poor persons.

Upon the hearing of the motion to have plaintiff's suit dismissed, it was shown that the plaintiff had not paid the cost adjudged against her in the case wherein she had taken a non-suit and there

was also a stipulation that in case there was a recovery of any judgment against the defendants, her attorneys were to receive a fee for their services, equal to one-half of the amount recovered and collected in this cause. It was further stipulated that the attorneys who represented the plaintiff were financially able to give a cost bond if the law required it of them. This motion was overruled. The defendants duly excepted, filed a motion for a new trial, which was overruled, and there were exceptions to the action of the court upon the motion for new trial. A way-side bill of exceptions was prepared and filed and defendants have filed a petition for writ of certiorari. They have assigned the following error:

"The trial court erred in overruling their motion to require the respondent to give cost bond or security for costs, or to dismiss her suit,

"This was error because

"(a) It appears from the undisputed affidavits and stipulations of counsel that the resppondent has heretofore filed one suit on the pauper's oath on the same cause of action and that is the limit of her right under the statutes of Tennessee to file suit on this cause of action on pauper's oath, and

"(b) It appears from the stipulation and undisputed affidavits that the attorneys for the respondent have a contingent fee contract with the respondent and are financially able to give cost bond or security for costs and that thus having an interest in the recovery they are required by the law of the State of Tennessee, in such cases made and provided, to either give security for costs or take the oath for poor persons."

In support of this assignment of error, counsel make the following insistence:

"1. The trial court having acted illegally and there being no appeal or appeal in the nature of a writ of error from this action, and there being no other plain, speedy or adequate remedy, this Honorable Court will grant the petition for certiorari. Shannon's Code, secs. 4853, 4854; Tennessee Central R. R. Co. v. Campbell, 109 Tenn., 640; State v. Herbert, 127 Tenn., 220; Clements v. Robert, 144 Tenn. 128; City of Nashville v. Dad's Auto Accessories, — Tenn., —, 285 S. W., 552.

"II. Where an attorney has a contingent fee and is interested in the recovery the plaintiff will not be allowed to prosecute suit on pauper's oath unless the attorney likewise takes the oath or gives a security for costs. U. S. ex rel. Randolph v. Ross, Cir. Ct. of Appeals (6th Cir.), 298 Fed., 64; Silvas v. Arizona Copper Co., Ltd., 213 Fed., 504; Esquibel v. Atchison R. R. Co., 206 Fed., 863.

"III. The failure of a court to require the plaintiff to execute a prosecution bond where the law requires such is a harmless error where upon the trial the plaintiff succeeds and recovers a judgment for costs against the defendant. Railroad v. Thompson, 1 Cates, 343.

"IV. Under the statute but one suit on the same cause of action may be brought on the pauper's oath and when a nonsuit is taken in that case and a new suit is instituted on the same cause of action bond must be given. Shannon's Code, Sec. 4928, Ch. 197, Acts, 1903."

Section 4928 of Shannon's Code, provides that:

"Except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce, any resident may commence an action without giving security as above required by taking and subscribing the following oath in writing: 'I, A. B., do solemnly swear, that, owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief.' Provided, that in suits for absolute divorce brought by women unable to give bond, the clerks of the various courts of this state having jurisdiction in such cases may accept, in lieu of such bond and security for costs, a cash deposit, not to exceed $6, which shall be applied to the partial payment of the costs of the officers of the court in the order in which they accrue, and provided that if the cost in the case can be collected by execution from the defendant, the amount so deposited by the petitioner shall be refunded to her; and provided, further that suits for divorce from bed and board may be prosecuted 'in forma pauperis,' as is now allowed by law."

Formerly non-residents could sue under the pauper's oath, but by Acts of 1901, Chap. 126, and Acts of 1903, Chap. 197, non-residents are not given the benefit of this section of the Code.

Section 4932 provides as follows:

"If it be made to appear to the court, at any time before the trial, by the testimony of disinterested persons, that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed."

This section applies to the inferior courts only and not to the Court of Appeals of the Supreme Court. State for Use, v. Ganaway, 16 Lea, 124.

It is impossible to lay down a rule which will govern in each case in determining whether a party should be dispauperized, or not, Much must be left to the sound discretion of the judge who tries the question, but on such trials the uniform language of the

Supreme Court has been that the law was passed to enable poor persons to litigate their rights in court, and should be construed and ministered with great liberality. Heatherly v. Hill, 8 Bax., 170.

A party will not be dispauperized when all of the property that he owns is exempt from execution, especially where such exempt property is of little value. Heatherly v. Hill, supra.

In Scott v. Brandon, 125 Tenn., page 314, the Supreme Court said:

"The object of Section 4928 is to enable poor persons to assert and prosecute in our courts, their right and claims, without being required to give a cost bond, save in the cases excepted. The policy of our law is to allow every person a complete hearing on any controversy he may have, whether he is able to secure costs or not, unless he be asserting a claim for false imprisonment, malicious prosecution, slander, or unless he be a male claimant for divorce.

"The object of the statute is to place the weak on a level with the strong in a contest for their rights in a court of justice." Barber v. Denning, 4 Sneed, 267.

The plaintiff's right to take voluntary non-suit is absolute, and cannot be denied him when applied within the time prescribed by Section 4689, which provides:

"The plaintiff may, at any time before the jury retires, take a non-suit or dismiss his action as to any one or more defendants, but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim in the capacity of a plaintiff."

It appears that there is no question made as to the plaintiff's right to take a non-suit and that the present suit was filed within the time allowed for the bringing of another suit.

We are of opinion that the plaintiff had the right to take a non-suit and had the legal right to institute another suit, which she did within the proper time; that she had the right to institute the suit upon filing the oath for poor persons and complying with Sec. 4928 of the Code, and that she be treated in the second case as if no suit had been instituted. It is well settled that a judgment against the plaintiff, upon a non-suit, does not conclude his right of action, but that he may begin a new suit upon the same cause of action, notwithstanding such judgment. N. & C. R. R. v. Pillow, 9 Heiskell, 251.

It is next insisted that the attorneys for the plaintiff should be required to give a cost bond as they have a contract whereby they will receive fifty per cent of the amount recovered.

In Thompkins v. Railroad, 110 Tenn., p. 157, it was held that:

"Under the statute providing that attorneys of record who begin a suit in a court of record shall have a lien upon the

plaintiff's right of action from the date of the filing of the suit, the attorneys of record for the plaintiff in an action for personal injuries, who under the terms of their contract of employment are entitled to a percentage of the recovery by compromise or final judgment in lieu of fees for their services, cannot prevent the plaintiff's dismissal of the suit, nor are they entitled to prosecute the suit to a termination, but the plaintiff may dismiss his suit without their intervention." Railroad v. Wells, 104 Tenn., 707; Sharp v. Allen, 11 Lea, 521; Stanton v. Houston, 12 Heisk., 266; Yoakley v. Hawley, 5 Lea, 673; Stephens v. Railroad, 10 Lea, 450; Thompson v. Thompson, 3 Head. 529.

Where the plaintiff in a bill for divorce concludes to withdraw her complaint and becomes reconciled to her husband her attorney cannot prevent the dismissal of her suit, nor will he be permitted to become co-complainant with her in the prosecution of her suit because by attachment he has impounded the property of the husbank to secure her alimony. 110 Tenn., 165.

Neither of the attorneys in this case is a party to the suit and they cannot be compelled to give bond for cost.

Counsel for the defendants in their able brief have cited a number of federal authorities in regard to the Court compelling a plaintiff to secure cost.

The rules of practice as applied in the federal court are not controlling in the instant case. The attorneys in the instant case are not the real parties.

In the instant case we have entertained jurisdiction because the petition recites that the trial judge acted illegally.

We are of opinion that the trial judge did not act illegally.

The assignments of error are overruled and the petition for writ of certiorari is dimissed.

The petitioners will pay the cost, for which execution will issue.

Heiskell and Senter, JJ., concur.