IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2018

## BREWERS RENTALS v. OTTO KARL APPELT

**Appeal from the Circuit Court for Bradley County**
**No. V-17-427     J. Michael Sharp, Judge**

_____

### No. E2017-01565-COA-R3-CV

_____

This appeal arises from a detainer action. Brewers Rentals ("Brewers") obtained a detainer warrant against tenant Otto Karl Appelt ("Appelt") in the General Sessions Court for Bradley County ("the General Sessions Court"). Appelt thereafter appealed to the Circuit Court for Bradley County ("the Trial Court"). Appelt paid a $500 appeal bond. However, Appelt did not post bond equal to one year's rent as required by statute in order to retain possession during the appeal. Brewers filed a motion to dismiss and/or for possession in the Trial Court, which was granted. The Trial Court held that, as Appelt had neither surrendered possession nor posted the requisite bond, dismissal was required. Appelt appeals. We hold that Appelt's failure to post bond equal to one year's rent enables Brewers to regain possession immediately but does not deprive the Trial Court of subject matter jurisdiction to adjudicate Appelt's appeal. We vacate the judgment of the Trial Court and remand for this case to proceed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER, and KENNY W. ARMSTRONG, JJ., joined.

Otto Karl Appelt, pro se appellant.

Brewers Rentals, pro se appellee.[1]

_____

[1] Brewers declined to file an appellate brief and has taken no active role in this appeal.

# OPINION

## Background

This appeal presents the issue of whether Appelt's failure to post bond equal to one year's rent deprives the Trial Court of subject matter jurisdiction to adjudicate his appeal from the General Sessions Court. The record on appeal is quite thin, consisting only of a single volume of technical record, and the relevant background facts are straightforward. In July 2017, the Trial Court entered its final judgment in the matter, finding, in pertinent part, as follows:

> This matter is before the court based upon the plaintiff, Brewers Rentals, Motion to Dismiss and for Possession filed against the defendant, Otto Karl Appelt, filed in this court on 6/30/2017. This matter was initially before the Bradley County General Sessions Court based upon a detainer warrant, and ultimately a judgment against the defendant in the General Sessions Court on 6/14/2017. At that hearing, judgment was rendered in favor of the plaintiff against the defendant. The defendant filed an appeal with this court on 6/21/2017. The plaintiff now avers that the defendant paid only a $500.00 appeal bond (see copy attached to the plaintiff's motion to dismiss). The plaintiff further avers that the tenant (defendant) is still in possession of the rented property. Based upon all of the above, the plaintiff avers that the defendant has not complied with the requirements of Tennessee statutory and case law concerning the paying of his bond, and therefore the plaintiff requests possession to be granted to them immediately.

\*\*\*

> The applicable statute that applies in this case is T.C.A. §29-18-130(b)(2). That statute reads as follows:

> > 29-18-130. Immediate execution of writ of possession -- Bond pending appeal -
> > (a) When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.

(b) (1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The plaintiff shall not be required to post a bond to obtain possession in the event the defendant appeals without complying with this section. The plaintiff shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the defendant's appeal shall fail.

Based upon all of the above, the court finds that the defendant, Otto Karl Appelt, has not complied with the terms of the statute in that the defendant has not executed a bond or posted a cash deposit or irrevocable letter of credit from a regulated financial institution, or provided two good personal sureties with good and sufficient security in the amount of one year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. Therefore, the court finds that the defendant has failed to comply with the strict terms of the statute. Additionally, the court finds that the defendant argues that since he has filed an Affidavit of Indigency (also known as a pauper's oath in Tennessee), that this motion to dismiss is without merit.

The plaintiff provided case law pertaining to this issue. The defendant was provided a copy of the case law and was given the opportunity to read the case before arguing this case on 7/18/2017. As mentioned above, the defendant was also granted additional time to seek counsel and/or the advice of counsel, and/or was granted additional time to respond. The defendant did respond in writing as noted above. The court finds that the rule of law as set out in *Newport Housing Authority v. Linda T. Ballard*, 839 S.W.2d 86 (1992) is the applicable case law that applies to this issue. The court finds that the defendant remains in possession and therefore has not surrendered possession.

Based upon all of the above, the court finds that the rule of law applicable in this case requires that the plaintiff's motion to dismiss be granted. The motion is granted. This is a final order.

Appelt timely appealed.

## Discussion

Respectfully, Appelt's pro se appellate brief is extremely difficult to understand. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App .2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003). Despite the deficiencies of Appelt's brief, we are able to discern the dispositive issue on appeal, which we restate as follows: whether the Trial Court erred in granting Brewers' motion to dismiss on the basis that Appelt remained in possession of the property yet failed to post bond equal to one year's rent.

In the case of *McLucas v. Nance*, this Court addressed a very similar scenario in a detainer action. Relying mainly on the Tennessee Supreme Court case of *Johnson v. Hopkins*, 432 S.W.3d 840 (Tenn. 2013), as well as relevant statutes, we concluded:

> [T]he Tennessee Supreme Court explained that this bond requirement [under Tenn. Code Ann. § 29-18-130(b)(2)] "is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal." *Johnson*, 432 S.W.3d at 848. Notably, the court described this type of appeal bond as a "non-jurisdictional appeal bond required only of a tenant who has retained possession of the premises and wishes to stay execution of a landlord's writ of possession pending appeal." *Id*. at 850. As noted, the statute provides that the landlord is not required to post a bond to obtain possession "in the event the [tenant] appeals without complying with this section," i.e., without posting the bond. Tenn. Code Ann. § 29-18-130(b)(2). This portion of the statute "contemplates that a tenant may appeal without posting bond," which "indicates that the bond is not jurisdictional but rather is non-jurisdictional and designed to stay the landlord's writ of possession." *Johnson*, 432 S.W.3d at 849. "[I]f the tenant in possession fails to post a bond of one year's rent when appealing a judgment for the landlord," the statute "allows the landlord to regain possession immediately." *Id*.

> \*\*\*

> The *Johnson* court also distinguished the non-jurisdictional appeal bond set forth in section 29-18-130(b)(2) from "the jurisdictional cost bond" prescribed by Tennessee Code Annotated section 27-5-103(a), "which is always required of a party seeking to appeal from general sessions to circuit court." *Id*. at 849. The court explained that the cost bond requirement of section 27-5-103 "is not merely a formality but rather a necessity; without it, the appeal cannot be perfected." *Id*. at 850 (citing *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at \*3 (Tenn. Ct. App. Feb. 15, 2013) (*no perm. app. filed*); *Carter v. Batts*, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011)).

> In the case before us, the circuit court erroneously held that Tenant did not properly perfect his appeal when he failed to post a "non-jurisdictional bond ... for staying the writ of possession" under section 29-18-130(b)(2). *Johnson*, 432 S.W.3d at 850. Tenant filed his notice of

appeal to circuit court, along with a pauper's oath in lieu of an appeal bond and a uniform affidavit of indigency, which was approved by the trial court. Tenant's failure to file a bond in the amount of one year's rent did not prevent him from perfecting his appeal to circuit court. *See Valley View Mobile Home Parks, LLC v. Layman Lessons, Inc.*, No. M2007-01291-COA-R3-CV, 2008 WL 2219253, at *3 (Tenn. Ct. App. May 27, 2008) (concluding that a trial court erred in construing section 29-18-130(b)(2) as requiring a tenant to post a bond "as a condition of prosecuting the appeal" because the statute "does not govern the right to appeal or establish the conditions of such appeal"). Tenant's failure to post the bond of one year's rent "allows the landlord to regain possession immediately," *Johnson*, 432 S.W.3d at 849, but it did not deprive the circuit court of subject matter jurisdiction over the appeal.

*McLucas v. Nance*, No. M2015-00642-COA-R3-CV, 2015 WL 5936935, at *2-3 (Tenn. Ct. App. Oct. 12, 2015) (footnote omitted), *no appl. perm. appeal filed*.[2]

In keeping with this line of cases, we hold that a tenant's failure to post bond pursuant to Tenn. Code Ann. § 29-18-130(b)(2) does not deprive a trial court of jurisdiction to hear a tenant's appeal from general sessions court. This is so even where the tenant fails to surrender possession voluntarily. The following language from Tenn. Code Ann. § 29-18-130(b)(2) bolsters our conclusion: "The plaintiff [landlord] shall not be required to post a bond to obtain possession in the event the defendant [tenant] appeals without complying with this section." Tenn. Code Ann. § 29-18-130(b)(2) (2012). This language would be completely unnecessary and meaningless if a tenant in possession who appealed without posting the bond could have her suit dismissed for failing to perfect her appeal. "The Court has a duty to construe a statute so that no part will be inoperative, superfluous, void or insignificant." *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002). In short, if a tenant does not post a bond of one year's rent, her appeal can continue, but the landlord is entitled to immediate possession without the landlord being required to post any bond.

We note that in other contexts, the bond requirement differs. In *Gallatin Hous. Auth. v. Pelt*, this Court discussed an additional avenue for *de novo* review of an unlawful detainer action, this being via writs of certiorari and supersedeas. We discussed the requirement of posting bond in that scenario as follows:

_____

[2] We note that in *McLucas*, there was some ambiguity as to whether the tenant surrendered possession. "Tenant initially testified that he had surrendered possession of the property, but he subsequently gave 'contradictory testimony that indicated he still had personal belongings inside the residence.'" *McLucas*, 2015 WL 5936935, at *1. In the present case, the Trial Court found explicitly that Appelt retained possession. Nevertheless, we find *McLucas* persuasive.

-6-

The statute permitting de novo review of unlawful detainer actions by petition for writs of certiorari and supersedeas specifies the bond requirements based on the party seeking review. Specifically, Tennessee Code Annotated § 29-18-129 provides as follows:

> The proceedings in such actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.

Tenn. Code Ann. § 29-18-129. Giving each word in the statute meaning, as we must, an unsuccessful defendant seeking writs of certiorari and supersedeas must post a bond with sufficient security to cover costs, damages, and the value of the rent during the litigation. *See Lee Med., Inc.*, 312 S.W.3d at 527.

\*\*\*

The fact that Ms. Pelt is indigent does not change our analysis. We are cognizant that our courts have liberally construed the right of indigent parties to litigate their rights in court without providing security for costs. *Campbell v. Lee*, 12 Tenn. App. 293, 296-97 (1930). Still, possessory bonds serve a separate purpose from cost bonds, and our courts have never excused an indigent litigant from providing security for a possessory bond. *See Scott v. Brandon*, 125 Tenn. 314, 143 S.W. 601, 602 (1911) (distinguishing between the use of a pauper's oath for a cost bond and a possessory bond in a replevin action); *Crye-Leike Prop. Mgmt. v. Dalton*, No. W2015-02437-COA-R3-CV, 2016 WL 4771769, at \*4 (Tenn. Ct. App. Sept. 12, 2016) (holding that indigent tenant had met the requirement to provide security for costs with pauper's oath but affirming dismissal of appeal when tenant retained possession without posting a possessory bond). To avoid posting a possessory bond, indigent litigants always have the option of surrendering possession and filing a direct appeal. *Ballard*, 839 S.W.2d at 90.

*Gallatin Hous. Auth. v. Pelt*, 532 S.W.3d 760, 764-65 (Tenn. Ct. App. 2017).

The question may arise as to why the legislature would create two distinct methods of *de novo* review of an unlawful detainer action and require a bond in only one of them. In our judgment, this is to permit an indigent tenant to appeal *de novo* without having to post bond for possession. While *Gallatin Hous. Auth. v. Pelt* involved the writs of certiorari and supersedeas, we observed that an indigent litigant could avoid having to post a possessory bond by surrendering possession and filing a direct appeal. Whether the surrender is purely voluntary or comes as a result of execution of a writ of possession is immaterial to a circuit court's subject matter jurisdiction to hear a direct appeal from general sessions court. In either case, the landlord regains possession, and the tenant's appeal proceeds. In the instant case, Appelt paid a $500 appeal bond. Appelt, however, did not post bond for possession as required by Tenn. Code Ann. § 29-18-130(b)(2) to enable him to retain possession pending appeal. As the possession bond under Tenn. Code Ann. § 29-18-130(b)(2) is not jurisdictional, Appelt's failure to post bond does not deprive the Trial Court of subject matter jurisdiction to adjudicate his appeal. Appelt is not, however, entitled to retain possession without posting the bond. Therefore, the Trial Court erred in granting Brewers' motion to dismiss on that basis. Instead of dismissal, the Trial Court should have awarded Brewers its requested alternative relief of immediate possession of the property and allowed Appelt's direct appeal to proceed.

We acknowledge that in the unpublished opinion *Crye-Leike Prop. Mgmt. v. Dalton*, No. W2015-02437-COA-R3-CV, 2016 WL 4771769 (Tenn. Ct. App. Sept. 12, 2016), *no appl. perm. appeal filed*, this Court reached the opposite conclusion. There, we held: "[B]ecause Ms. Dalton retained possession of the property, she was also required to post a possession bond. Tenn. Code Ann. § 29-18-130(b)(2). In the absence of the possession bond, Appellant's appeal was not perfected, and the trial court properly dismissed her appeal." *Id*. at \*4. However, as Justice Koch wrote regarding departure from prior opinions: "[W]hen cogent reasons exist, this Court may and should revisit and either reverse or modify prior decisions construing statutes. As we have noted in another case involving continuing adherence to an earlier decision construing a statute, our oath is to do justice, not to perpetuate error." *Cooper v. Logistics Insight Corp.*, 395 S.W.3d 632, 651 (Tenn. 2013) (Koch, J., dissenting) (citations and quotation marks omitted). Likewise, this Court may depart from its own prior opinions when, upon careful deliberation, we determine that we erred in the prior opinion. In the majority's view, the statutes and *Johnson v. Hopkins* require this result.

As we already have discussed, Brewers is not without remedy. Appelt has no right to both fail to post bond and remain in possession of the property. As provided by statute, Brewers may, and did, seek an immediate writ of possession from the Trial Court

without posting any bond of its own. Upon Brewers' application, the Trial Court should have issued a writ of possession immediately. This did not need to wait until a trial on the merits because the only relevant fact necessary to restore Brewers to immediate possession pending the direct appeal to the Trial Court is Appelt's failure to post bond for possession pursuant to Tenn. Code Ann. 29-18-130(b)(2), an administrative fact that the Trial Court easily can ascertain and, indeed, already has found in this case. Brewers did ask in its motion "for an Order dismissing the appeal filed by [Appelt] and/or for an order of immediate possession of the property in question." Brewers was and is entitled to immediate possession of the property, but Appelt's direct appeal to the Trial Court should proceed.[3]

In sum, Appelt perfected his *de novo* appeal to the Trial Court. However, Brewers was entitled to regain possession of the subject property immediately because Appelt failed to post bond pursuant to Tenn. Code Ann. 29-18-130(b)(2). We vacate the judgment of the Trial Court and remand for this case to proceed consistent with this Opinion.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellee, Brewers Rentals.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] If Brewers already has regained possession, then naturally no additional action is necessary to restore it to possession.